**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| **RUFUS J. DICKERSON, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  CV 306-11** |
| | ) | |
| **FRED BURNETTE, Warden et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Dickerson, an inmate at Telfair State Prison in Helena, Georgia, brings this pro se civil rights action pursuant to 42 U.S.C. §1983. Plaintiff has been granted in forma pauperis status, and the matter is now before this Court for a 28 U.S.C. §1915A screening. The Magistrate Judge recommends that the instant petition be dismissed for filing duplicative claims and failure to exhaust administrative remedies. After a careful, de novo review of the file, this Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed.

## ANALYSIS

Pursuant to 28 U.S.C. §1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the claims asserted are frivolous, malicious, or the petitioner has failed to state a claim upon which relief may be granted. 28 U.S.C.A. § 1915(d) (2006). If it appears that the claim is "without arguable merit in both law and fact or that the claim is repetitive or was filed maliciously, then the complaint may be

dismissed with prejudice even before the defendants have been served." Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985). A complaint may be dismissed without prejudice for failure to state a claim when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. In order to state a Section 1983 claim for relief, Plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity protected by the Constitution or a statute of the United States and (2) the act or omission was committed by a person acting under color of state law. 42 U.S.C. §1983; Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

In the current complaint, Plaintiff alleges various offenses at two different prisons. While incarcerated at Smith State Prison, Plaintiff alleged that (1) medical personnel refused to refer him to a doctor after he complained about facial cuts and dietary needs; (2) his mail was interfered with and intercepted by prison personnel; (3) his grievances were mishandled by prison personnel; (4) Plaintiff was denied medical care by Dr. Zellner Young for his dietary needs; (5) all of the named Defendants conspired to retaliate against him; (6) Plaintiff was placed in the general population after he was denied protective custody from certain prison officials; and (7) Plaintiff was forced to live in segregation after he refused to live with two other inmates in a two-person cell.

After Plaintiff was transferred to Telfair Prison, Plaintiff alleges (8) he was placed in segregation after he refused to participate in the "military boot camp cadence"; and (9) prison officials confiscated Plaintiff's property, including legal documents.

A.  Repetitive Claims are Subject to Dismissal

As the Report and Recommendation explains, repetitive claims by Plaintiff are subject to dismissal with prejudice under 28 U.S.C. §1915A. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985) (stating that if the claim is repetitive, then the complaint may be dismissed with prejudice even before the defendants have been served").  Generally, "a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." I.A. Durbin, Inc. v. Jefferson Nat. Bank, 793 F.2d 1541, 1551 -1552 (11th Cir. 1986).

A review of Plaintiff's other filings shows that Plaintiff previously filed a case in the Northern District of Georgia in which Plaintiff raised substantially similar issues against substantially similar defendants.[1]  In both cases, Plaintiff seeks damages, declaratory and injunctive relief.  Because the parties, issues and available relief do not significantly differ between the two actions, this Court finds that claims which arose while Plaintiff was incarcerated at Smith State Prison, in which he alleged that (1) medical personnel refused to refer him to a doctor after he complained about facial cuts and dietary needs; (2) his mail was interfered with and intercepted by prison personnel; (3) his grievances were mishandled by

---

[1]  In that case, Plaintiff claimed that while he was incarcerated at Smith State Prison, his mail was interfered with and intercepted by prison officials . . . he was denied an administrative grievance . . .he was denied medical treatment for facial cuts and a special diet . . . the named Defendants conspired to retaliate against him . . . and he was placed in general population even though he had requested protective custody. See Dickerson v. Donald et al, 1:04 CV 2451, Doc. 8 at 3-4.

prison personnel; (4) Plaintiff was denied medical care by Dr. Zellner Young for his dietary

needs; (5) all of the named Defendants conspired to retaliate against him; and (6) Plaintiff

was placed in the general population after he was denied protective custody from certain

prison officials, are duplicative. Accordingly, these claims are **DISMISSED** with prejudice.

B.  Remaining Claims are Dismissed for Failure to Exhaust Administrative Remedy

As the Magistrate's Report and Recommendation explains, the Prison

Litigation Reform Act ("PLRA"), requires that all administrative remedies be exhausted

before an inmate brings a Section 1983 petition. 42 U.S.C. §1997e(a) (2006). The PLRA

exhaustion requirement is mandatory, and this Court has no discretion to waive the

requirement even if it can be shown that the grievance process is futile or inadequate.

Alexander v. Hawk, 159 F.3d 1231, 1325-26 (11th Cir. 1998). Moreover, an inmate must

complete the administrative process before initiating suit, which includes timely appeal of

grievance denials. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Johnson

v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005). According to Eleventh Circuit precedent,

Plaintiff's remaining claims are subject to dismissal for failure to exhaust administrative

remedy.

Plaintiff has raised several issues which are not duplicative of other cases.

Plaintiff alleges that while at Smith State Prison, he was forced to live in segregation after

he refused to live with two other inmates in a two-person cell. Since Plaintiff was transferred

to Telfair Prison, Plaintiff alleges that prison officials confiscated Plaintiff's property

including legal documents and that he was placed in segregation after he refused to participate in the "military boot camp cadence."

Plaintiff filed two informal grievances which complained about the risk to his health and safety of having three inmates housed in a two-person cell (Doc. 1-2 at 8-9). Both informal grievances were denied, but Plaintiff did not then file formal grievances or perfect his appeal. At Telfair Prison, Plaintiff filed an informal grievance, a formal grievance, and a handwritten appeal in which he complained that his property was improperly confiscated (Doc. 1-2 at 33-40). Specifically, Plaintiff requests the return of his "Prison Legal News." Plaintiff has not yet filed an informal grievance in regards to his complaints and refusal to participate in the "military boot camp cadence."

The Eleventh Circuit has dictated that if a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson, 418 F.3d at 1157-59 (stating "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred") (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). Here, as the Report and Recommendation states, Plaintiff did not complete the administrative grievance procedure because he failed to file an informal grievance, a formal grievance and an appeal on proper forms provided by the prison for each of his complaints.

Plaintiff has objected to the Magistrate Judge's Report and Recommendation

and argued that he has exhausted his administrative remedies because prison officials have refused to respond to his grievances.   However, the PLRA exhaustion requirement is mandatory, and this Court has no discretion to waive the requirement even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1231, 1325-6 (11ᵗʰ Cir. 1998).   Because Plaintiff has failed to exhaust his administrative remedies, his claims are subject to dismissal.

C. Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff has moved this Court for a temporary restraining order and preliminary injunction (Doc. 7).  Plaintiff alleges that he is lactose intolerant, and the prison medical department has refused to approve a special diet for Plaintiff.  Plaintiff also alleges that he has been in placed in segregation for two months because he refused to participate in a military drill for inspection of the dormitory.  Finally, Plaintiff alleges that prison officials have interfered with his mail and he is denied access to the prison library.

Because Plaintiff's claims are subject to dismissal, Plaintiff's Motion is moot. Moreover, Plaintiff has failed to satisfy the requirements for a preliminary injunction.[2] Plaintiff currently is incarceration at Telfair Prison.  If he wishes to bring a cause of action for relief, Plaintiff must first exhaust his administrative remedies by completing the grievance

---

[2] To satisfy the requirements for a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm the public interest.  Gold Coast Publications, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11ᵗʰ Cir. 1994).

procedure at Telfair.  Once administrative remedies are exhausted, Plaintiff may seek relief

in the federal courts.  However, Plaintiff has not shown that he has filed grievances for a

special diet or his segregation.


## CONCLUSION

      **IT IS HEREBY ORDERED** that Plaintiff Dickerson's current Section 1983

action is **DISMISSED** pursuant to 28 U.S.C. §1915A for filing duplicative claims and failure

to exhaust administrative remedy.  **IT IS FURTHER ORDERED** that Plaintiff's Motions

for Preliminary Injunction and Temporary Restraining Order (Doc. 7) are **DENIED** as moot.


      **SO ORDERED.**


                                        JOHN F. NANGLE
                                        **UNITED STATES DISTRICT JUDGE**

**Dated:  June** 30 **, 2006**