UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

RUFUS J. DICKERSON, JR. )
)
    Plaintiff, )
)
v. ) Case No. CV306-11
)
FRED BURNETTE, Warden, )
et al., )
)
    Defendants. )
)

## ORDER

Before the Court is Plaintiff Dickerson's "Petition for Relief from Judgment Order Pursuant to Fed. R. Civ. P. 60(a)(b)." (Doc. 24.) For the reasons discussed below, Plaintiff's Motion is **DENIED**.

Plaintiff, an inmate currently incarcerated at Calhoun State Prison, filed the above-captioned § 1983 action on February 10, 2006. (Doc. 1.) On June 30, 2006, Judge Nangle entered an Order Adopting the Magistrate Judge's Report and Recommendations. (Doc. 12.) Judge Nangle dismissed with prejudice several of Plaintiff's claims as duplicative of claims Plaintiff raised in a separate lawsuit. (Doc. 12 at 4.) The Order dismissed without prejudice the remainder of Plaintiff's claims for failure to exhaust all available administrative remedies. (Id. at 6.) The Court also denied Plaintiff's motions for a preliminary injunction and temporary restraining order as

moot. (Id. at 7.) Plaintiff then filed a Notice of Appeal on July 12, 2006. (Doc. 15.) On September 26, 2006, the Eleventh Circuit denied Plaintiff leave to proceed, finding that the appeal was frivolous. (Doc. 22.)

On December 5, 2007, Plaintiff filed this Motion, captioned as a "Petition for Relief From Judgment Order Pursuant to Fed. R. Civ. P. 60(a)(b)." (Doc. 24.) In this Motion, Plaintiff makes two arguments. First, he argues that the claims laid out in his Complaint (Doc. 1) are not duplicative of previous claims. Second, Plaintiff claims that he has newly discovered evidence demonstrating that he successfully exhausted his administrative remedies.

Federal Rule of Civil Procedure 60(a) provides for "Corrections Based on Clerical Mistakes; Oversights and Omissions." Although Plaintiff cites Rule 60(a) in the caption of his motion, the motion itself does not refer to any clerical errors. Therefore, Plaintiff is not entitled to relief under Rule 60(a).

Federal Rule of Civil Procedure 60(b) lists the following "Grounds for Relief from a Final Judgment, Order, or Proceeding":

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's first argument, that the claims alleged in this case were not duplicative of claims he previously made in Dickerson v. Donald, No. CV104-2451, at 3-4 (N.D. Ga. Apr. 7, 2005),[1] does not correspond to any of the grounds for relief laid out in Rule 60(b). In addition, Plaintiff failed to make this argument in the Objection he filed to the Magistrate Judge's Report and Recommendation. (See Doc. 11.) As a result, this first argument was waived and does not provide the Court with any justification for granting Plaintiff's request for relief from the prior judgment. See Fed. R. Civ. P. 60.

Plaintiff's second argument, that newly discovered evidence demonstrates that he successfully exhausted his administrative remedies, is time-barred pursuant to Federal Rule of Civil Procedure 60(c). Rule 60(c) provides that a

---

[1] Plaintiff filed numerous suits based on similar allegations. See Dickerson v. Hambrick, No. CV406-013 (N.D. Ga. Jan. 18, 2006); Dickerson v. Chatman, No. CV506-017 (M.D. Ga. Jan. 17, 2006); Dickerson v. Finley, No. CV104-2451 (N.D. Ga. Aug. 20, 2004); Dickerson v. Wetheringtton, No. CV102-2881 (N.D. Ga. Oct. 21, 2002).

3

motion based on newly discovered evidence must be "made within a reasonable time ... no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c). The Order and Judgment from which Plaintiff seeks relief were entered on June 30, 2006. (<u>See</u> Docs. 12 & 13.) Plaintiff's Rule 60 motion was filed December 5, 2007, more than one year following the entry of the Order and Judgment. (<u>See</u> Doc. 24.) Thus, Plaintiff's second argument does not provide this Court with any reason to grant his request for relief from the prior judgment. <u>See</u> Fed. R. Civ. P. 60(c).

However, Plaintiff's three claims that were barred due to Plaintiff's failure to exhaust administrative remedies—segregation from the general prison population for refusing to live with two other inmates in a two-person cell; segregation from the general prison population for refusing to participate in a "military boot camp cadence"; and confiscation of property including legal documents—were dismissed without prejudice. (Doc. 12 at 4-5.) Therefore, while Rule 60 fails to provide Plaintiff with relief from the previous order, Plaintiff is not prohibited from seeking a remedy in federal court by filing a new complaint showing that he exhausted all available administrative remedies.

4

Accordingly, Plaintiff's Motion for Relief from Judgment, filed pursuant to Fed. R. Civ. P. 60 (Doc. 24) is **HEREBY DENIED**.

SO ORDERED this 9th day of September, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA